IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                                           No. CR 10-01717 WJ
                                                                            No. CV 17-00420 WJ/KK

CHARLES ANTONIO GUTIERREZ,

    Defendant/Movant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant/Movant Charles Antonio Gutierrez's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, filed *pro se*, on February 7, 2017 (CR Doc. 61; CV Doc. 1) and Defendant/Movant's Amended Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 filed June 19, 2017 (CR Doc. 69; CV Doc. 7) ("Motion"). The Court will dismiss the § 2255 Motion as barred by the statute of limitations.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 10, 2010, a federal grand jury indicted Gutierrez with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a). (CR Doc. 2.) Gutierrez pled guilty to the indictment on April 8, 2011. (CR Doc. 42.) In a Rule 11(c)(1)(C) Plea Agreement, Gutierrez stipulated that a 180-month sentence was the appropriate sentence. (CR Doc. 42 at 5). Gutierrez also waived his appellate and collateral review rights other than on the issue of ineffective assistance of counsel. (CR Doc. 42 at 9). The Presentence Report ("PSR") of May 4, 2011 concluded that Defendant had three prior convictions for violent felonies and that his sentence should be enhanced pursuant to the Armed Career Criminal Act

("ACCA"). (Doc. 66 at 1, 10.) The PSR identified the three qualifying convictions as: (1) a conviction for Residential Burglary pursuant to NMSA 1978, § 30-16-3 on March 26, 2001; (2) a conviction for Aggravated Burglary Armed after Entering pursuant to NMSA 1978, § 30-16-4(B) on July 2, 2004; and, (3) a conviction for Residential Burglary pursuant to NMSA 1978, § 30-16-3 and Battery Upon a Peace Officer pursuant to NMSA 1978, § 30-22-24 on May 26, 2005. (PSR at 9-14.)

The Court accepted the Plea Agreement and sentenced Defendant to fifteen years (180 months) of imprisonment, the mandatory minimum sentence under the ACCA, and entered a judgment of conviction against Defendant on June 28, 2011. (CR Doc. 45, 46). Consistent with the Plea Agreement, Gutierrez did not take an appeal from the final Judgment. Gutierrez filed his *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on February 7, 2017. (CR Doc. 61; CV Doc. 1.) On June 19, 2017, Gutierrez then filed a counseled Amended Section 2255 Motion, which is presently before the Court on Defendant's behalf. (CR Doc. 69; CV Doc. 7.)

In his Amended Section 2255 Motion, Gutierrez asks the Court to vacate his sentence and resentence him without the enhancement, because he claims his prior conviction for aggravated battery no longer qualifies as a violent felony under the ACCA in light of the United States Supreme Court's decisions in *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015) and *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016). (CR Doc. 69; CV Doc. 7.) The Government responded in opposition to the Amended Section 2255 Motion on July 28, 2017. (CR Doc. 74; CV Doc. 11). In its response, the Government argues that the § 2255 Motion is

untimely and barred by the statute of limitations of § 2255(f).  (CR Doc. 74 at 1, 3-7; CV Doc. 11 at 1, 3-7).[1]

## II.    ANALYSIS

Gutierrez seeks collateral review of his sentence under 28 U.S.C. § 2255.  Section 2255 provides:

> "A prisoner in custody under a sentence of a court established by
> Act of Congress claiming the right to be released upon the ground
> That the sentence was imposed in violation of the Constitution or
> Laws of the United States, or that the court was without jurisdiction
> To impose such sentence, or that the sentence was in excess of the
> Maximum authorized by law, or is otherwise subject to collateral
> Attack, may move the court which imposed the sentence to vacate,
> Set aside or correct the sentence."

28 U.S.C. § 2255(a).  Section 2255(f) sets out the statute of limitations governing motions for collateral review of convictions and sentences:

> "A 1-year period of limitation shall apply to a motion under this
> section.  The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes
>> final;
>> (2) the date on which the impediment to making a motion
>> created by governmental action in violation of the
>> Constitution or laws of the United States is removed,
>> if the movant was prevented from making a motion by such
>> governmental action;
>> (3) the date on which the right asserted was initially recognized
>> by the Supreme Court, if that right has been newly recognized
>> by the Supreme Court and made retroactively applicable to cases
>> on collateral review; or
>> (4) the date on which the facts supporting the claim or claims
>> presented could have been discovered through the exercise of
>> due diligence."

---

[1] The United States also argues that his three prior convictions are still violent felonies without resort to the residual clause of 18 U.S.C. § 924(e).  Although it is unnecessary for the Court to reach the issue, it appears Gutierrez would not be eligible for relief under *Johnson*.

3

Gutierrez did not appeal from the judgment of conviction. Absent a direct appeal or other proceeding attacking his conviction or sentence, Gutierrez's judgment of conviction became final on July 12, 2011. His February 7, 2017 filing, more than five years after his conviction became final, is untimely for purposes of 28 U.S.C. § 2255(f)(1). *Clay v. United States*, 537 U.S. 522, 524 (2003).

The Motion is also untimely under 28 U.S.C. § 2255(f)(3). Movant Gutierrez is proceeding under a theory that his sentence should be vacated based on *Johnson v. United States,* ___ U.S. ___, 135 S.Ct. 2551 (2015), and that the 1-year limitation period applicable to his claim is the period under § 2255(f)(3). The *Johnson* decision was handed down by the Supreme Court on June 26, 2015 and the deadline for filing a § 2255 motion based on *Johnson* was June 27, 2016 (June 26, 2016 was a Sunday and under Fed. R. Civ. P. 6(a)(1)(C), the time was extended to Monday, June 27). Gutierrez's Motion Under 28 U.S.C. § 2255 was not filed until February 7, 2017, more than one year after the Supreme Court's decision in *Johnson. See Price v. Philpot,* 420 F.3d 1158, 1165-67 (10th Cir.2005); *United States v. Ceballos–Martinez,* 387 F.3d 1140, 1143-46 (10th Cir.2004).

Gutierrez seeks to avoid the bar of the statute of limitations by relying on *Mathis v. United States,* ___ U.S. ___, 136 S.Ct. 2243 (2016). Under § 2255(f)(3), a prisoner may file a habeas application within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Gutierrez's Motion is timely only if *Mathis* provides a new right made retroactive on collateral review.

In *Teague v. Lane*, 489 U.S. 288 (1989), the Supreme Court "laid out the framework to be used in determining whether a rule announced in [a Supreme Court opinion] should be applied retroactively to judgments in criminal cases that are already final on direct review." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). Under the *Teague* framework, an "old" rule applies both on direct and collateral review, but a "new" rule is generally applicable only to cases that are still on direct review." *Id.* "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301. The Court concludes that *Mathis* does not provide a new rule.

In *Mathis* the Supreme Court expressly stated that it was not announcing a new rule and that its decision was dictated by decades of prior precedent:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

136 S. Ct. at 2257. Courts applying *Mathis* have consistently reached the same conclusion that *Mathis* did not announce a new rule. *See, e.g.*, *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (concluding Mathis did not announce a new rule that would allow a second or successive habeas petition); *Dimott v. United States*, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *3 (Oct. 14, 2016) ("*Mathis* has not been recognized as a case that announced a new substantive rule that is retroactively

5

applicable to cases on collateral review. The Supreme Court made clear that it was not breaking new ground in *Mathis* . . . ."); *Blackwell v. United States*, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, *Mathis* does not set a new rule."). Because *Mathis* did not announce a new rule, and cannot be used to extend the time to file under *Johnson,* Gutierrez's § 2255 Motion is time-barred.

Gutierrez's Motion is untimely under either § 2255(f)(1) or § 2255(f)(3). A pleading may be subject to dismissal when an affirmative defense, such as statute of limitations, appears on the face of the complaint or petition. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009). Because the untimeliness of Gutierrez's Motion appears on the face of the filing, and has also been raised by the United States as an affirmative defense, the Court will dismiss his § 2255 Motion on the grounds of untimeliness. The Court further determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Gutierrez has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

**IT IS ORDERED:**

(1) Defendant/Movant Charles Antonio Gutierrez's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (CR Doc. 61; CV Doc. 1) and Defendant's Amended Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (CR Doc. 69; CV Doc. 7) is **DISMISSED** under Rule 4 of the Rules Governing Section 2255 Proceedings; and

(2) a certificate of appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE